IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHANE MCGARRY and GILBERT CANTU, Individually and On Behalf of All Similarly Situated Persons,<br>　　Plaintiffs, | § § § § | |
| V. | § | CIVIL ACTION NO. 2:15-CV-0496 |
| CHEMIX ENERGY SERVICES, LLC<br>　　Defendant. | § § | JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Shane McGarry, Gilbert Cantu and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendant, its subsidiaries and affiliated companies.

**Parties**

1.　Plaintiff Shane McGarry ("McGarry") and Gilbert Cantu ("Cantu"), are former employees of Defendant, were personally engaged in interstate commerce during their employment with the Defendant, and are represented by the undersigned.

2.　Defendant Chemix Energy Services, LLC ("Chemix") is a Texas corporation and an "employer" as defined by the FLSA. With respect to Plaintiff and Members of the Class, Chemix is subject to the provisions of the FLSA. Chemix was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Chemix may be served through its registered agent, Nathan H. May at 9002 Western View, Helotes, TX 78023, or wherever he may be found.

**Jurisdiction and Venue**

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.  At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.  At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendant's business.  Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiffs transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.  Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

4. Plaintiff Shane McGarry worked for Defendant as an Operator and then a Supervisor from November of 2013 until July of 2015.  Plaintiff McGarry's duties included, but were not limited to, helping mix chemicals, torqueing and testing bolts and valves, maintaining and servicing oil and gas production facilities, overseeing the testing and monitoring of wells, pumps, storage facilities and other pressure control equipment.

5. Plaintiff Gilbert Cantu worked for Defendant as an Operator from October of 2014 until April of 2015.  Plaintiff Cantu's duties included, but were not limited to, helping mix chemicals, torqueing and testing bolts and valves, maintaining and servicing oil and gas

2

production facilities, testing and monitoring of wells, pumps, and other pressure control equipment.

6. Chemix is a company that provides services to the oil and gas industry, providing, in addition to other services, chemical mixing services for coiled tubing operations, as well as flow metering and torque and pressure testing services. In their employment for Chemix, Plaintiff performed these services for Chemix customers at the customers' wellsites. Plaintiffs were paid a salary and were paid daily bonuses for each they worked in the field. Plaintiffs performed repetitive manual work that required them to follow pre-determined protocol and procedures. While they were in the field, Plaintiffs worked long hours, often between 12 and 16 hour per day. Plaintiffs regularly worked well in excess of 40 hours per week, but were not paid premium pay for the hours worked over 40.

7. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiffs' regular and overtime work. Plaintiffs were not "exempt" employees.

8. Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

9. Defendant's actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

**Plaintiffs' Individual Allegations**

10. As non-exempt employees, Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendant failed to pay the Plaintiffs the required overtime premium in nearly every workweek that the Plaintiffs were employed by Defendant, as the Plaintiffs worked in excess of 40 hours in al most every week they worked for the Defendant. Plaintiffs were paid salary and bonuses for each job completed or each day worked, but were not paid premium pay for hours worked over 40.

11. No exemption excuses the Defendant from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendant has not made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs. Such practice was and is a clear violation of the FLSA.

### Collective Action Allegations

12. Other employees have been victimized by the Defendant's pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiffs. Thus, Plaintiffs are aware that the illegal practices or policies of the Defendant have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiffs are aware that Defendant makes a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek.

13. The Members of the Class performed work that is similar in nature to that performed by Plaintiffs; these individuals worked alongside the Plaintiffs, performing the same type of manual, physical work that the Plaintiffs performed. Accordingly, the employees victimized by the Defendant's unlawful practices are similarly situated to Plaintiffs in terms of their job duties.

14. Further, each Member of the Class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

15. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

16. No justification or exemption excused the Defendant from paying the Members of the Class for all work performed and time spent working, and the Defendant did not make a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding minimum wage and overtime compensation with respect to the Members of the Class.

17. The class of similarly situated Plaintiffs is properly defined as:

> All persons employed by the Defendant Chemix Energy Services, LLC as operators, helpers or supervisors, and who were paid a salary and job or day bonuses during the three year period preceding the filing of this complaint.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

18. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiffs and Members of the Class for work performed in the employ of the Defendant.

19. Plaintiffs and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

20. Defendant is liable to Plaintiffs and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

21. Plaintiffs demand a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Chemix Energy Services, LLC as operators, helpers or supervisors, who were paid a salary plus job or day bonuses during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiffs' and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR
PLAINTIFFS SHANE MCGARRY
AND GILBERT CANTU**