IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI

| | | |
|---|---|---|
| SHANE MCGARRY AND GILBERT CANTU, Individually And On Behalf of All Similarly Situated Persons | § § § § | |
| *Plaintiffs,* | § § | C.A. No. 2:15-CV-0496 |
| V. | § § § | |
| CHEMIX ENERGY SERVICES, LLC | § | JURY DEMAND |
| *Defendant* | | |

### DEFENDANT CHEMIX ENERGY SERVICES, LLC'S
### ANSWER TO PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

Defendant Chemix Energy Services, LLC's ("Defendant") files this Answer to Plaintiffs' Shane McGarry and Gilbert Cantu, Individually and On Behalf of All Similarly Situated Persons (Plaintiffs), Answer to Plaintiffs' Original Collective Action Complaint (the "Complaint"), and would show the Court the following:

1. Defendant denies all allegations of the Complaint, except those admitted, qualified, or otherwise explained.

### I. ANSWER

2. Defendant admits the allegation in Paragraph 1 of the Complaint.

3. Defendant admit the allegations in Paragraph 2 of the Complaint.

4. Defendant admits the allegations in Paragraph 3 of the Complaint, but deny that the Defendant has violated any of the provisions of the Fair Labor Standards Act ("FLSA").

5. Defendant admit the allegations in Paragraph 4 to the extent that Defendant McGarry worked for Defendant as a Supervisor, and previously worked as an Operator. Defendant

denies that as a Supervisor, Defendant McGarry's duties included, but were limited to, helping mix chemicals, torqueing and testing bolts ad valves, maintaining and servicing oil and gas production facilities.

6.   Defendant admits the allegations in Paragraph 5 of the Complaint.

7.   Defendant admits that Chemix is a company that provides services to the oil and gas industry, providing in addition to other services chemical mixing services for coiled tubing operations, as well as flow metering ad torque and pressure testing services. Defendant admits that Chemix performed these services for Chemix at the customers' well sites. Defendant admit that Plaintiffs were paid a salary. Defendant denies that both Plaintiffs received a bonus for each they worked in the field. Defendant admits that the worked required repetitive manual work that required them to follow a pre-determined protocal and procedues, but deny that both Plaintiffs were required to worked repetitive manual work that required them to follow a pre-determined protocal and procedures. Defendants deny the remainder of the allegations in paragraph 6 of the complaint.

8.   Defendant denies the allegations of Paragraph 7.

9.   Defendant denies the allegations of Paragraph 8.

10.  Defendant denies the allegations of Paragraph 9.

11.  Defendant denies the allegations of Paragraph 10.

12.  Defendant denies the allegations of Paragraph 11.

13.  Defendant denies the allegations of Paragraph 12.

14.  Defendant denies the allegations of Paragraph 13.

15.  Defendant denies the allegations of paragraph 14.

16.  Defendant denies the allegations of paragraph 15.

17. Defendant denies the allegations of paragraph 16.

18. Defendant denies the allegations of paragraph 17.

19. Defendant denies the allegations of paragraph 18.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations contained in the Prayer of the Complaint.

## II. DEFENSES AND AFFIRMATIVE DEFENSES

22. Each defense and affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses.

26. Plaintiff's claims contained in the Complaint are barred, in whole or in part, by the applicable two (2) year statute of limitations, 29 U.S.C. § 255(a).

27. Plaintiff's claims contained in the Complaint are barred, in whole or in part, by the applicable three (3) year statute of limitations, 29 U.S.C. § 255(a).

28. Plaintiff's claims are barred, in whole or in part, by his exempt status under the executive and/or highly compensated employee exemptions of the FLSA. 29 U.S.C. § 213(a)(1); 29 C.F.R. §§ 541.100, 541.601.

29. Depending on the precise claims asserted, and subject to discovery, some or all of the hours for which Plaintiff seeks overtime compensation are not hours worked under the FLSA and do not otherwise have to be included in the regular rate of pay.

30. The Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff seeks compensation for activities that are preliminary or postliminary to principle work activities that are not integral and indispensable to principle work activities.

31. Defendants did not willfully violate the FLSA with respect to Plaintiff or any other individual.

32. Plaintiff is not entitled to any liquidated damages because Defendants acted in good faith and had reasonable grounds for believing that any alleged acts or omissions did not violate the FLSA.

33. To the extent Plaintiff seeks remedies against Defendants beyond those available under the statute upon which Plaintiffs' claims are based, such remedies are improper.

34. Alternatively, to the extent that Plaintiff is owed overtime compensation, such compensation must be calculated in accord with the methods set forth in 29 C.F.R. §§ 778.112 & 778.114, and/or in accordance with the methodology described in *Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942).

35. To the extent sought, Plaintiff is not entitled to a jury determination regarding attorneys' fees or liquidated damages in a case brought pursuant to 29 U.S.C. §§ 216 & 260.

36. To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216 and 260.

37. Plaintiff has been paid all wages to which Plaintiff is entitled under federal and/or state law.

38. Plaintiff's claims are barred, in whole or in part, because any action taken in connection with his compensation was done in good faith conformance with and reliance upon written and/or other administrative regulations, orders, rulings, approvals, interpretations, practices or enforcement policies of the Wage and Hour Division of the United States Department of Labor and other related administrative agencies.

39. Defendant also asserts that Plaintiff Shane McGarry is not similarly situated to others in the class he purports to represent, that Plaintiff Shane McGarry is not typical of the class

he purports to represent, and that Plaintiff Shane McGarry cannot satisfy the FLSA's requirements to maintain a collective action.

40.     Defendants reserve the right to plead any additional defenses or affirmative defenses that may be applicable based upon evidence revealed during discovery.

WHEREFORE, Defendant Chemix Energy Services, LLC pray that the Court dismiss Plaintiffs' Complaint, that Plaintiffs take nothing by this suit, that all relief prayed for by Plaintiffs in this action be denied, and that Defendant have such other and further relief, general and special, legal and equitable, to which it may be entitled.

Respectfully submitted,

By: /s/ John C. Maher, Jr.
JOHN C. MAHER, JR.
State Bar No. 12833290
Southern District ID No.
212 East Burleson
Wharton, Texas 77488
(979) 531-0322 (Telephone)
(979) 531-0355 (Facsimile)
ATTORNEY-IN-CHARGE FOR
DEFENDANT CHEMIX
ENERGY SERVICES, LLC

OF COUNSEL:

CHAD ELLIS
State Bar No.24003278
302 Jackson Street
Richmond, Texas 77469
(832) 595-1242 (Telephone)
(832) 595-1906 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of January, 2016, a true and correct copy of the above and foregoing instrument was served upon all counsel of record referenced below in accordance with Fed. R. Civ. 5:

Josef F. Buenker
2030 North Loop West
Suite 120
Houston, Texas 77018

By: /s/ John C. Maher, Jr.
Attorney for Defendant